JAY F. LARSON,

  Petitioner,

v.                 Case No. 8:10-cv-2872-T-33TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

  Respondent.
_____

## ORDER

THIS CAUSE is before the Court on Petitioner Larson's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus. Larson challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## PROCEDURAL HISTORY

On July 28, 2003, a jury found Larson guilty of aggravated assault, a third-degree felony, and guilty of leaving the scene of an accident. The jury found him not guilty of felony petit theft. The state entered a nolle prosequi on a charge of possession of drug paraphernalia. The state trial court sentenced Larson to five years incarceration, as a habitual felony offender, for the aggravated assault conviction, and to time-served for the leaving the scene of an accident conviction.

On September 8, 2003, Larson timely filed a notice of appeal, raising one issue:

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL WHERE THE EVIDENCE DID NOT SHOW HIS INTENT TO HARM THE ALLEGED VICTIM?

On August 25, 2004, the state district court of appeal per curiam affirmed the conviction and sentence. The mandate issued September 20, 2004.

On April 21, 2005, Larson filed a pro se rule 3.850 motion for postconviction relief. On September 25, 2006, he amended the rule 3.850 motion. On June 11, 2007, the state trial court held an evidentiary hearing on claims in the original rule 3.850 motion. After a review of the original rue 3.850 motion, the hearing transcript, the court file, and the record, the state trial court denied the original rule 3.850 postconviction motion on October 16, 2007. The state trial court denied Larson's motion for rehearing on December 21, 2007.

Larson appealed.[1] The state district court of appeal affirmed the denial of postconviction relief on October 16, 2009. *See Larson v. State*, 23 So. 3d 118 (Fla. 2d DCA 2009)(table). Larson sought rehearing en banc which was per curiam denied by the state district court of appeal on December 2, 2009. The mandate issued December 18, 2009.

On September 22, 2006, Larson had filed a petition for writ of habeas corpus in the state district court of appeal, which that court treated as a petition alleging ineffective assistance of appellate counsel. The state district court of appeal denied the petition on October 19, 2006.

---

[1] While the appeal was pending, Larson filed a successive rule 3.850 motion for postconviction relief, on or about February 25, 2009. The state trial court denied the successive postconviction motion. Larson appealed. The state district court of appeal per curiam affirmed the denial of relief. The mandate issued December 1, 2010. *Larson v. State*, 49 So. 2d 245 (Fla. 2d DCA 2010)(table).

## STANDARDS OF REVIEW

### The AEDPA Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685 (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite -- or is not even aware of -- relevant Supreme Court precedent. *Childers v. Floyd*, 642 F. 3d 953, 968 (11th Cir. 2011)(citing *Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the

state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Congress, in passing the AEDPA, also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows --

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

In the present case, Larson does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). He does not rely on "a factual predicate that could not have

4

been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Moreover, his allegations, even if adduced, would not entitle him to relief, and he cannot develop a factual basis that he did not diligently investigate and pursue in state court. Accordingly, he is not entitled to an evidentiary hearing on the one claim he raises in his federal petition.

## Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141 (1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

## Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b),(c). To exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity

5

to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

## DISCUSSION

## GROUND ONE

**Attorneys Bridges and Briggs denied Mr. Larson effective assistance of trial and appellate counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.**

In support of his claim, Larson alleges:

> On July 28, 2003, jurors were selected and sworn in. Even so, Mr. Larson's trial was recessed for three days with no precautionary instructions from the state trial court. Further, on July 31, 2003, Mr. Larson's trial resumed with no voir dire and no objections from Mr. Bridges regarding the improper separation of jurors. Later that day, jurors returned a mixed verdict by acquitting [sic] him of the predicate offense and finding him guilty on a secondary count. Thus, Mr. Larson timely requested that Mr. Bridges move for a new trial based upon a potentially tainted jury and an illogical verdict. He failed to do so. Likewise, Mr. Briggs failed to raise this dead-bang winner on Mr. Larson's direct appeal.
>
> Therefore, after his judgment of conviction was per curiam affirmed on direct appeal, Mr. Larson tried to obtain state postconviction relief by repeatedly pointing out that (1) jurors had been placed in a potentially compromising situation through their improper separation for three days; (2) Mr. Bridges was ineffective for failing to do anything about it in the state trial court; (3) Mr. Briggs was ineffective for failing to raise this dead-bang winner on direct appeal; and (4) an evidentiary hearing ought to be held so that Mr. Larson can seek out any actual prejudice to his jury's impartiality. Still, the state postconviction and appellate courts have flat-out refused to recognize that Mr. Larson had a due process right to such a hearing.

(Petition, Doc. 1, p. 5).

Larson raised this claim in his September 25, 2006, amended rule 3.850 motion for postconviction relief. The state trial court held a second evidentiary hearing, specifically to address this claim. After the hearing, the state trial court denied rule 3.850 relief. Larson appealed. The state district court of appeal per curiam affirmed the denial of rule 3.850 relief. *Larson v. State,* 23 So. 3d 118 (Fla. 2d DCA 2009)(table).

7

## Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Our standard of review is "doubly deferential" when "a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, --- U.S.--- ,129 S. Ct. 1411, 1420 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Id.* (quotation marks omitted).

## Failure To Object to Three-Day Delay in Trial

Larson first faults trial counsel for failing to object to a three-day delay in the trial, after the jury had been sworn, and where the trial court had offered, "no precautionary instructions." Second, Larson claims that, though he requested counsel to do so, counsel failed to move for a new trial, "based on a potentially tainted jury and illogical verdict," presumably due to the delay.

At the evidentiary hearing on this claim, Larson could not demonstrate that he was prejudiced by the delay. Larson vaguely alleged that the delay caused a structural defect in his trial. (Resp. Ex. 6, V3, R431). However, he offered no support for this claim, and this Court cannot find any structural defect after a review of the record. Larson claimed, at the

state evidentiary hearing, it was "too late" to make a determination of prejudice based on the jury separation issue. He contended that a timely objection (at the time of trial) to the jury separation would have given him the opportunity to "bring out" prejudice. (Resp. Ex. 6, V3, R431). Larson's former trial counsel testified he had no independent recollection of the matter. (Resp. Ex.6, V3, R456-457).

In Florida, the separation of the jury, after it has been properly sworn, is within the sound discretion of the trial court. *McDermott v. State*, 383 So. 2d 712, 714 (Fla. 3d DCA 1980). The *McDermott* Court stated that a defendant must show prejudice caused by the delay, and that prejudice cannot be presumed. *Id.* The state trial court found that Larson, who acknowledged he could not point to any facts establishing prejudice, had failed to show prejudice and therefore, could not satisfy the *Strickland* prejudice prong.[2] (Resp. Ex. 6, V3, R372).

The record before the state trial court demonstrated that the jury members were not provided any facts regarding Larson's case prior to their "separation." (Resp. Ex. 6, V2, R208-213). Larson's contention that he was convicted by a potentially tainted jury is a bare assertion, pleaded without any specificity. General allegations or mere conclusions are insufficient to demonstrate entitlement to relief. *Reaves v. State,* 593 So. 2d 1150 (Fla. 1st DCA 1992). Thus, as Larson failed below in the state court, he likewise fails in this Court

---

[2] The prejudice prong is not established merely by a showing that the outcome of the proceeding would have been different had counsel's performance been better. Rather, prejudice is established only by a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364 (1993); *Gorham v. State*, 521 So. 2d 1067, 1069 (Fla. 1988). *See Thompson v. State*, 990 So. 2d 482, 490-91 (Fla. 2008); *Barnhill v. State*, 971 So. 2d 106, 10910 (Fla. 2007).

to provide any factual basis to conclude that a single juror, or the jury as a whole, had access to prejudicial information about him.

Furthermore, Larson essentially abandoned this claim during his testimony at the evidentiary hearing (Resp. Ex. 6, V3, R429), because Larson did not seek to develop this assertion. In Florida, to preserve an issue for appellate review, specific legal argument or supporting grounds must be presented to the trial court. *Occhicone v. State*, 570 So. 2d 902 (Fla. 1990), *cert. denied*, 500 U.S. 938 (1991). In the evidentiary proceeding, Larson advanced no argument that counsel was ineffective based on the jury separation issue. By failing to do so, Larson waived the claim.

### Claim of Ineffective Assistance of Trial Counsel as to Jury Separation Is Procedurally Barred

Larson's claim that his trial counsel was ineffective for failing to preserve the jury separation issue at trial is procedurally barred in this Court because the claim was barred in the state appellate proceedings, where for the first time, Larson alleged that trial counsel's silence as to the jury separation, without preliminary instructions, precluded the issue from being raised on direct appeal. The issue was not properly before the state appellate court. In order to preserve an issue for appeal, the issue "must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation." *Steinhorst v. State*, 412 So. 2d 332, (Fla. 1982), *cert. denied*, 522 U.S. 1022 (1997)(quoting *Archer v. State*, 613 So. 2d 446, 448 (Fla. 1993), *cert. denied,* 519 U.S. 876 (1996).

Even if this claim were properly before this Court, Larson cannot meet his heavy burden under *Strickland*. During his testimony at the evidentiary hearing Larson made no

reference to his inability to seek appellate relief on direct review to show he suffered prejudice as a result of the jury separation. Larson's self-serving assertions before this Court are without merit.

**Failure To Seek New Trial on Jury Separation Issue**

Larson's additional assertion, that trial counsel failed to seek a new trial based on an allegedly tainted jury, is also procedurally barred because he did not raise the specific claim of omission in his rule 3.850 motion and then brief that claim with specific argument on appeal from the rule 3.850 denial. His claim constitutes a new claim of ineffective assistance which is barred by the two-year limitation of rule 3.850, see *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and also Florida's successive petition doctrine governing rule 3.850 motions. *See Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993); *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992).

If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g denied*, 51 F.3d 1052 (11th Cir. 1995). Larson has not alleged cause to excuse his defaults in state court, and any allegation is barred by the two- year limitation of rule 3.850 and the state's successive petition bar. Moreover, he does not show prejudice or that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his defaulted claim. Any cause allegation is barred by the two-year time limit of rule 3.850 and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993).

**Appellate Counsel's Failure To Raise Jury Separation Issue**

Larson faults his appellate counsel for failing to raise this "dead-bang winner," on direct appeal. Under Florida law, the defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based. *Johnson v. State*, 921 So. 2d 490 (Fla. 2005). Consistent with the *Strickland* standard, to grant habeas relief based on ineffectiveness of appellate counsel, the state court must determine: first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance; and second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. *Cox v. State*, 966 So. 2d 337 (Fla. 2007).

In applying *Strickland* to claims of ineffective assistance of appellate counsel, the Eleventh Circuit has held that where an issue is not preserved for appellate review, an appellate counsel's failure to raise the issue on appeal is not constitutionally deficient if the attorney's decision not to raise the issue is based on his reasonable conclusion that the appellate court will not hear the issue on its merits. *Atkins v. Singletary,* 965 F.2d 952, 957 (11th Cir. 1992); *Francois v. Wainwright*, 741 F.2d 1275, 1285-86 (11th Cir.1984).

In Larson's case, his appellate counsel's decision not to pursue the unpreserved issue fell well within the ambit of reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second guessed through hindsight. *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (*quoting Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (*en banc*)). The thrust of Larson's claim is that his appellate counsel should have pressed his unpreserved the jury separation issue

as state fundamental error.  However, the denial of the state habeas petition denial settles that there was no overlooked claim of fundamental error under Florida law. (See, Resp. Ex. 19, at pgs 9-10).

Larson cannot gain federal reevaluation of whether his underlying was fundamental error under state law. When, as here, a state court's adjudication represents the resolution of an underlying state law issue, this Court owes a very high degree of deference to that determination. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984), *modified*, 731 F.2d 1486, *cert. denied*, 469 U.S. 956 (1984). State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997).

Unable to rejuvenate his state law arguments in this proceeding, Larson cannot show it was reasonably probable that, but for the claimed error, he would have prevailed on direct appeal. Furthermore, he cannot gain federal substantive review of any underlying constitutional claim because the claim was not exhausted in the state court. Larson did not claim that a **federal constitutional error** was preserved and not briefed. Instead, Larson's state habeas petition faulted his counsel for not promoting **state fundamental error** in the "separation of the sworn jury panel in Petitioner's trial without a cautionary instruction to protect their impartiality as determined during voir dire."

Even if an underlying federal constitutional argument could somehow be reached, it is objectively reasonable to conclude that the three-day delay between the swearing in of the jury and the start of Larson's trial did not deprive Larson of a fair trial. Larson relied on state law, including section 918.06, Florida Statutes, to assert that those accused of a criminal offense have a right to a fair trial, under state law.

## Abuse of Discretion Standard

As the separation of a jury is within the sound discretion of the trial court, Larson was required to demonstrate abuse of discretion on appeal. In Florida, under the abuse of discretion standard of review, the appellate court pays substantial deference to the trial court's ruling. A state trial court's determination will be upheld by the appellate court "unless the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980). The abuse of discretion standard is one of the most difficult for a defendant to satisfy. *Trease v. State*, 768 So. 2d 1050, 1053, n. 2 (Fla. 2000)*(*citing *Huff v. State*, 569 So. 2d 1247, 1249 (Fla. 1990)); *Ford v. Ford*, 700 So. 2d 191, 195 (Fla. 4th DCA 1997). Larson does not demonstrate state court error, let alone federal constitutional error. He claims the verdict produced by the jury demonstrates jurors must have had information about him or considered such information during the delay.

## Inconsistent Verdict

In Larson's view, the verdict was inconsistent because jurors appeared to reject testimony that the offenses flowed from his attempt to commit felony petit theft by finding him not guilty of the felony petit theft. Inconsistent verdicts in Florida are generally allowed because "verdicts do not always speak to the guilt or innocence of a defendant." *State v. Connelly*, 748 So. 2d 248, 252-53 (Fla. 1999). The one exception to the general rule allowing inconsistent verdicts is when the verdicts are "truly" inconsistent on legally interlocking charges, i.e., "those in which an acquittal on one count negates a necessary element for conviction on another count." *Fayson v. State*, 698 So. 2d 825, 827 (Fla. 1997).

Determination of whether or not the verdicts were legally interlocking or not under Florida law in a prosecution such as Larson's is a matter of state law.

In Larson's case, the felony petit theft charge was one of four offenses which occurred as a result of Larson's being suspected of committing a theft. Nevertheless, the theft was hardly interlocking with the remaining charges. The aggravated assault occurred as Larson attempted to flee the scene after he was observed "taking some shoes" (the petit theft). From the testimony produced at trial, it is clear the victim was injured during Larson's attempt to flee after he was discovered committing what appeared to be petit theft.

An individual may commit a felony petit theft without using threat of force. Thus, an acquittal on the felony petit theft charge did not negate the finding of a necessary element of aggravated assault. Consequently, Larson cannot show it was reasonably probable that, but for the claimed error, he would have prevailed on appeal, whether his underlying issue had been raised in state or federal constitutional terms. Accordingly, the state court decision was not contrary to nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court.

Accordingly, the Court orders:

That Larson's petition is denied. The Clerk is directed to enter judgment against Larson and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as

required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 24, 2011.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Counsel of Record
Jay F. Larson